20-923-cr
*United States v. Cheese*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

PRESENT:    ROBERT D. SACK,
               DENNY CHIN,
               RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
               *Appellant*,

      -v-                                     20-923-cr

CONSTANTIN CHEESE, AKA CONS, ANDRE BARNABY, AKA GOONIE DRE, BRANDON DARBY, AKA BARRACK, ANTONIO DAVIS, AKA BIG BLOOD, AVERY MITCHELL, AKA SLAV, NAHJUAN PERRY, AKA NAS, PIERRE RAYMOND, AKA LEEKY, JAMES ROBERSON, AKA LITTLES, SHAWN SILVERA, AKA DUM OUT, SHAMEL SIMPKINS, AKA SHA BANG, KIMBERLY THOMPSON, AKA KIMMY,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                                    JONATHAN E. ALGOR, Assistant United
                                                              States Attorney (David C. James, Assistant
                                                              United States Attorney, *on the brief*), *for* Mark J.
                                                              Lesko, United States Attorney for the Eastern
                                                              District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLEE                  NICOLAS BOURTIN (Amanda Shami, *on the*
CONSTANTIN CHEESE:                          *brief*), Sullivan & Cromwell LLP, New York
                                                              New York.

Appeal from the United States District Court for the Eastern District of

New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the order of the district court is **VACATED** and the matter is

**REMANDED** for further proceedings**.**

The government appeals from an order of the district court, entered

February 12, 2020, dismissing four counts of a superseding indictment charging the use

of firearms in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  On

appeal, the government argues that the district court erred in dismissing the four counts

because attempted Hobbs Act robbery qualifies as a predicate "crime of violence" under

---

[*]        The Clerk of Court is respectfully directed to amend the caption as set forth above.

18 U.S.C. § 924(c). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On July 11, 2019, a grand jury returned a superseding indictment against seventeen defendants, including defendant-appellee Constantin Cheese. The superseding indictment charged the defendants -- members and associates of the Queens-based Makk Balla Brims set of the Bloods gang -- with, *inter alia*, attempted Hobbs Act robberies and violations of 18 U.S.C. § 924(c), which prohibits using a firearm in furtherance of a crime of violence.

On August 7, 2019, Cheese filed a motion to dismiss Count Twelve of the superseding indictment, which charged him with using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) -- specifically, in furtherance of an attempted Hobbs Act robbery of a home in Port Washington, New York on October 16, 2017. Cheese argued that because attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c), the government had failed to charge him with the requisite predicate. Subsequently, defendants-appellees Andre Barnaby, Nahjuan Perry, Brandon Darby, and Pierre Raymond filed letters joining Cheese's motion as applied to their respective 18 U.S.C. § 924(c) counts -- Counts Eight, Ten, and Fourteen of the superseding indictment -- also predicated on attempted Hobbs Act robberies. On February 12, 2020, the district court held that attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c) and dismissed Counts Eight, Ten, Twelve,

3

and Fourteen of the superseding indictment as to defendants-appellees Constantin Cheese, Andre Barnaby, Brandon Darby, Antonio Davis, Avery Mitchell, Nahjuan Perry, Pierre Raymond, James Roberson, Shawn Silvera, Shamel Simpkins, and Kimberly Thompson. This appeal followed.[1]

Whether an offense is a "crime of violence" under 18 U.S.C. § 924(c) is a question of law that this Court decides *de novo*. *United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021) (en banc). Subsequent to the district court's order, this Court held in *United States v. McCoy* that "an attempt to commit Hobbs Act robbery . . . categorically qualifies as a crime of violence." 995 F.3d 32, 55 (2d Cir. 2021) (internal quotation marks and alterations omitted). Accordingly, Counts Eight, Ten, Twelve, and Fourteen of the superseding indictment were properly predicated, respectively, on Counts Seven, Nine, Eleven, and Thirteen alleging attempted Hobbs Act robberies. We therefore conclude that the district court erred in dismissing the 18 U.S.C. § 924(c) counts as to the defendants-appellees.

For the foregoing reasons, we **VACATE** the order of the district court and **REMAND** the matter for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The other ten defendants-appellees did not separately brief the appeal but joined in Cheese's brief.

4